PROB 12C
(04/08)

August 7, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**

FILED
08 AUG 11 PM 4:19
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**Petition for Warrant or Summons for Offender Under Supervision**

**Name of Offender:** Cindy PALOMINO (English) **Dkt No.:** 08-CR-0088-002-BTM

**Reg. No.:** 05806-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, U.S. District Judge

**Date of Sentence:** June 6, 2008

**Original Offense:** 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2, Aiding and Abetting the Importation of Marijuana, a Class D felony.

**Sentence:** Time served (117 days), 3 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** June 6, 2008

**Asst. U.S. Atty.:** Christopher Tenorio

**Defense Counsel:** John Ellis, Fed. Defs., Inc. (Appointed) 619-234-8467

**Prior Violation History:** None

---

**PETITIONING THE COURT**

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|---|
| **(Standard Condition)** Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(nv8)* | 1. | On June 25, 31, and July 1 and 15, 2008, Ms. Palomino failed to report to the probation officer in the Central District of California (CD/CA) as instructed. |

***Grounds for Revocation:*** After her sentencing, Ms. Palomino was instructed to contact the probation office on June 10, 2008, in the Central District of California (CD/CA). Ms. Palomino complied with these reporting instructions, and an intake session was scheduled for June 25, 2008.

Ms. Palomino failed to report to the probation office for her scheduled intake on June 25, 2008, citing transportation issues. Ms. Palomino then failed to report for scheduled intakes on June 31, and July 1, 2008, without providing a valid excuse. On July 7, 2008, a letter was mailed to Ms. Palomino instructing her to report on July 15, 2008, and again she failed to report. Ms. Palomino has failed to make herself available to the probation office.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

As Ms. Palomino has failed to report to the probation officer in the CD/CA, to initiate her supervised release, there is no supervision information available to add to this section of the report.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Palomino was born in Palm Springs, California, and her parents divorced when she was 8 years of age. She has two maternal half siblings, one of whom lives in Las Vegas, Nevada, and the other in Desert Hot Springs. She also has three biological siblings, two of which live in Yuma, and the other lives in Las Vegas. She was raised by jointly by both parents after their divorce.

Ms. Palomino has a drug use history. Her drug of choice is methamphetamine, but she also has a history of marijuana use. She has attended three residential drug treatment programs in the past, but never participated in aftercare. While on pretrial release, Ms. Palomino tested positive for methamphetamine and marijuana.

Ms. Palomino completed up to the ninth grade, and her past employment appears to be labor related in the housekeeping service industry.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report as directed) constitutes a Grade C violation. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**RECOMMENDATION/JUSTIFICATION**

It appears that Ms. Palomino has no intention of making herself available for supervision; therefore, a no-bail bench warrant is respectfully recommended.

If found in violation, this officer recommends that supervised release be revoked, and that the offender be sentenced to the low-end of the imprisonment range (3 months custody). The noted-violation is not serious in nature, and is a technical violation, making the low-end an appropriate sanction. However, she needs to understand the importance of following the orders of the Court, and a custody sanction is appropriate.

As Ms. Palomino did not begin a supervised release term, this officer recommends a further term of supervised release for a period of 24 months. She should follow the standard conditions of supervised release as well as the special conditions ordered by the Court at the time of sentencing in the instant matter.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 7, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by ______________________
Scott L. Bawden
U.S. Probation Officer
619 409 5102

Reviewed and approved:

______________________
Robert J. Walford
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** PALOMINO, Cindy

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-0088-002-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to report as directed | C |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a)) [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a)) [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence**: None.

**THE COURT ORDERS:**

__✓__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

______ Other ____________________________________________

____________________________________________

____________________________________________

The Honorable Barry Ted Moskowitz
U.S. District Judge

8/8/08
Date

jt